UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT MACIAS,<br>    *Plaintiff*, | )<br>)<br>) | |
| *vs.* | ) | 1:14-cv-01029-JMS-MJD |
| | ) | |
| HYATT CORPORATION,<br>    *Defendant*. | )<br>)<br>) | |

### ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

On June 20, 2014, Defendant removed Plaintiff's case to this Court from state court. [Filing No. 1.] Defendant alleges that this Court can exercise diversity jurisdiction under 28 U.S.C. § 1332. [Filing No. 1 at 1.] The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Having reviewed Defendant's Notice of Removal, the Court cannot assure itself that it can exercise diversity jurisdiction over this matter.

Defendant alleges that, "[u]pon information and belief, Plaintiff Robert Macias was on the date in question and continues to be a California citizen and resident." [Filing No. 1 at 1.] As the proponent of federal jurisdiction, the burden rests with Defendant to show by a preponderance of the evidence facts that suggest the Court has diversity jurisdiction, *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006), and allegations based on information and belief are insufficient, *America's Best Inns, Inc. v. Best Inns of Abilene, LP*, 980 F.2d 1072, 1074 (7th Cir. 1992).

Because Defendant's Notice of Removal is deficient in this respects, the Court **ORDERS** the parties to meet and confer to determine whether this Court has diversity jurisdiction. If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by

1

**July 10, 2014** setting forth the parties' citizenships and the amount in controversy. If the parties cannot agree on their citizenships or the amount in controversy, they are ordered to file competing jurisdictional statements by **July 10, 2014** setting forth their positions. The joint jurisdictional statement, or competing jurisdictional statement, shall satisfy Plaintiff's obligations under Local Rule 81-1.

**Distribution via ECF to all counsel of record**