UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT MACIAS, *Plaintiff*, | ) ) ) | |
| *vs.* | ) ) | 1:14-cv-1029-JMS-MJD |
| HYATT CORPORATION, *Defendant*. | ) ) ) | |

# **ORDER**

On July 10, 2014, pursuant to the Court's June 26, 2014 Order, the parties in this case filed a Joint Jurisdictional Statement. [Filing No. 10.] In the Statement, they represented that the Court has diversity jurisdiction over this matter because: (1) Plaintiff Robert Macias is a California citizen; (2) Defendant Hyatt Corporation ("Hyatt") is a Delaware corporation with its principal place of business in Illinois; and (3) "the amount in dispute exceeds $75,000." [Filing No. 10.]

While the parties have provided information sufficient to show that diversity of citizenship exists, their jurisdictional statement regarding the amount in controversy does not assert that the alleged amount is "exclusive of interest and costs." 28 U.S.C. § 1332 (requiring that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs"). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

For these reasons, the parties are **ORDERED** to file an Amended Joint Jurisdictional Statement on or before **July 23, 2014**, setting forth whether the amount in controversy exceeds "$75,000, exclusive of interest and costs."

**Distribution via ECF to all counsel of record**